UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL ROBERTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:15-cv-00449-GZS |
| | ) |
| RANDALL LIBERTY, | ) |
| | ) |
| Respondent. | ) |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on Petitioner's Motion to Voluntarily Dismiss Without Prejudice his habeas petition filed pursuant to 28 U.S.C. § 2254 (ECF No. 41) and Petitioner's Limited Objection to Report and Order (ECF No. 46).

Petitioner filed the Motion to Dismiss for the reasons and subject to the conditions set forth in the Court's March 14, 2019, Report of Conference of Counsel and Procedural Order (ECF No. 45) ("Report and Order"). Following the issuance of the Report and Order, Petitioner filed a limited objection (ECF No. 46). On March 19, 2019, in response to this filing, the Magistrate Judge conducted a telephonic conference of counsel. During the conference, Petitioner's counsel reiterated Petitioner's intention to dismiss the matter without prejudice, but advised that Petitioner filed the objection to preserve Petitioner's ability to argue that the conditions to which the parties agreed and as set forth in the Report and Order constitute equitable tolling of the limitations period in the event of a challenge to the timing of Petitioner's reassertion of the habeas claims in accordance with the Report and Order. Respondent does not object to the requested dismissal or Petitioner's

preservation of his ability to argue that the terms by which the parties have agreed to dismiss the petition constitute equitable tolling.

Accordingly, based on the Court's de novo review of the record, including the transcript of the March 19, 2019 Conference of Counsel, the Court GRANTS both Petitioner's Motion to Dismiss (ECF No. 41) and Petitioner's Limited Objection (ECF No. 46).  In accordance with Federal Rule of Civil Procedure 41(a)(2), this dismissal without prejudice is properly subject to the conditions set forth in the Report and Order and subject to Petitioner's ability to assert those conditions constitute equitable tolling.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 22nd day of March, 2019.